

**FILED**
NOV 2 4 2014
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

United States Department of Justice

*William J. Ihlenfeld, II*
*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street        Phone: (304) 623-7030
Suite 300                   FAX:   (304) 623-7031
Clarksburg, WV 26301

November 5, 2014

**VIA EMAIL:**
Brian Kornbrath
Federal Public Defender
230 W. Pike Street, Suite 360
Clarksburg, West Virginia 26301

Re:  United States v. Timothy Boram
     Criminal No.: 1:14CR59
     *REVISED PLEA OFFER*

Dear Mr. Kornbrath:

This will confirm conversations with you concerning your client, Timothy Boram (hereinafter referred to as Mr. Boram).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.  Mr. Boram will plead guilty to Count One of the Indictment, charging him with knowingly and willfully making a threat against the President of the United States, in violation of Title 18, United States Code, Section 871.

2.  The maximum penalty to which Mr. Boram will be exposed by virtue of his plea of guilty to Count One, as stated in paragraph 1 above, is imprisonment for a term of not more than five (5) years, a fine of not more than $250,000.00, a period of supervised release of up to three (3) years, and a special mandatory assessment of $100.00 (18 U.S.C. § 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

_____          Nov. 6, 2014
Timothy Boram                      Date

_____          Nov. 6, 2014
Brian Kornbrath                    Date
Counsel for Mr. Kornbrath

Brian Kornbrath
November 5, 2014
Page 2

       3.    Mr. Boram will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Boram will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

       4.    Nothing contained in any statement or any testimony given by Mr. Boram, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Boram in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Boram's applicable advisory guideline range. Such information may be used by the Court, the probation office and the United States to support the United States' contention that the defendant's offense level, before any reductions for acceptance, is a level 14. Furthermore, if, in the opinion of the United States Attorney's Office, the defendant breaches this plea agreement, then any statement by the defendant made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against the defendant without limitation. However, this agreement does not prevent Mr. Boram from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Boram for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

       5.    At final disposition, the United States will advise the Court of Mr. Boram's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.


_____     _____
Timothy Boram                        Date  Nov. 6, 2014

_____     _____
Brian Kornbrath                      Date  Nov. 6, 2014
Counsel for Mr. Boram

Brian Kornbrath
November 5, 2014
Page 3

      6.      There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is not bound by these sentence recommendations, and that the defendant has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

      7.      Provided the defendant pays the $100.00 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following nonbinding recommendations: 1) if, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; and 2) the United States will recommend that any sentence of incarceration imposed should be at the lowest end of the applicable guideline range.

      8.      If, in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, including providing a complete and truthful debriefing, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

      9.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties stipulate and agree that, on or about June 2, 2014, at or near Clarksburg, Harrison County, West Virginia, within the Northern District of West Virginia, the defendant, did knowingly and willfully make any threat against the President of the United States The parties further stipulate and agree that the applicable base offense level is 12, pursuant to 2A6.1(a)(1). The parties further stipulate and agree that a 4-level decrease is warranted,

_____    Nov. 6, 2014
Timothy Boram                                      Date

_____    Nov. 6, 2014
Brian Kornbrath                                      Date
Counsel for Mr. Boram

Brian Kornbrath
November 5, 2014
Page 4

pursuant to 2A6.1(a)(6)(B), and that a 6-level increase also applies, pursuant to 3A1.2(b), because the threat involved an "official victim". The parties stipulate and agree that the resulting offense level, before any reduction for "acceptance of responsibility", is 14.

      10.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Boram's background criminal record, offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Mr. Boram or by his counsel.

      11.    The defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offense of conviction.

      12.    Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the right:

> a.    to appeal any order, the conviction and any sentence that is within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742.

_____       Nov. 6, 2014
Timothy Boram                          Date

_____       Nov. 6, 2014
Brian Kornbrath                     Date
Counsel for Mr. Boram

Brian Kornbrath
November 5, 2014
Page 5

      b.   to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255. Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

13. If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

14. The above thirteen (13) paragraphs constitute the entire agreement between Mr. Boram and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

            Sincerely,
            WILLIAM J. IHLENFELD II
            United States Attorney

      By:   Shawn Angus Morgan
            Assistant United States Attorney
            11-7-2014

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____    Nov. 6, 2014
Timothy Boram                             Date

_____    Nov. 6, 2014
Brian Kornbrath                            Date
Counsel for Mr. Boram